**CAPITAL BROADCASTING CORP.,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 72–1740.

United States Court of Appeals,
Sixth Circuit.

Argued April 10, 1973.

Decided May 31, 1973.

Paul D. Cowden, Mt. Sterling, Ky., for petitioner; Clay, Marye & Cowden, Mt. Sterling, Ky., on brief.

John C. Getreu, Director, Region 9, N. L. R. B., Cincinnati, Ohio, for respondent by Kenneth Hipp, N. L. R. B.; Marcel Mallet-Prevost, Asst. Gen. Counsel, Peter G. Nash, Patrick Hardin, Allison W. Brown, Jr., N. L. R. B., Washington, D. C., on brief.

Before EDWARDS and CELEBREZZE, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

This case is before us on a petition for review and cross-application for enforcement of an order of the National Labor Relations Board finding that two of Pe-

titioner's employees were discharged because of their union activity, in violation of 29 U.S.C. § 158(a)(3), and that Petitioner had engaged in unlawful interrogation, threatening discharge for union activity and creating the impression of surveillance of union activities, in violation of 29 U.S.C. § 158(a)(1).

The Board found that the company's general manager, Robert Doll, had stated to employee Richard Mix that a friend of Doll's who owned a radio station had discharged the station's staff because they had tried to form a union, that nothing had been done to his friend, and that Doll could do the same thing if he wanted to, but that he was not going to. The Board also found that Doll had stated that the station could not afford to pay its employees any more money, that he knew Mix was a leader in the organization activity, that he did not want the union in his radio station, and would do anything to keep it out. It was also found that Doll stated that the employees would be throwing money away on lawyers' fees that could be used to grant raises to the employees.

The Board further found that the discharges were based at least partly on the union activity of the two employees. The company contends that the employees were discharged for cause—Mix, an announcer, because of comments made by him while giving a news report about tornado warnings and John Bowles, an engineer and part-time announcer, because he walked off his job. The company has since offered Mix reinstatement and paid him back wages. The two employees, who had been involved in union organization activity, were fired on May 28, 1971, just two days following the election which the union lost, five votes to four.

The reason given Bowles for his discharge was that he had been unavailable for duty as an announcer on the evening of May 26th and as the station's chief engineer on the morning of May 27th. A malfunction on that morning had caused the station to be off the air for a three-hour period. Bowles stated that he had been sick on the evening of May 26th and was at his parents' home on the 27th. The Board found that attempts to reach Bowles at the station's transmitter, where he lived, had been unsuccessful, and that one attempt had been made to contact Bowles at the home of his parents, whose telephone number was posted at the location of the transmitter. After being discharged, Bowles returned to the transmitter to pick up his things and found that the locks had been changed.

■ While the testimony in the record is conflicting, the Board chose to accept the testimony of employees Mix and Bowles. Although we may have arrived at a different conclusion, a reviewing court may not "displace the Board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it *de novo*." Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 488, 71 S.Ct. 456, 465, 95 L.Ed. 456 (1951). Having reviewed the evidence before the Board, including the evidence opposed to the Board's finding, we are unable to say that the Board's decision is not supported by substantial evidence. Universal Camera Corp. v. N. L. R.B., *supra*, 340 U.S. at 488, 71 S.Ct. 456; *See* N. L. R. B. v. Walton Mfg. Co., 369 U.S. 404, 405, 82 S.Ct. 853, 7 L.Ed. 2d 829 (1962); N. L. R. B. v. Stemun Mfg. Co., 423 F.2d 737, 740–741 (6th Cir. 1970). As we have previously stated, the presence of "employer intent 'to encourage or discourage' union membership . . . in conjunction with discharges of employees engaged in union activities will be evidence of a violation of § 8(a)(3) of the [National Labor Relations] Act." N. L. R. B. v. Stemun Mfg. Co., 423 F.2d 737, 740–741 (6th Cir. 1970). *See* United States Rubber Co. v. N. L. R. B., 384 F.2d 660, 662–663 (5th Cir. 1968).

■ The company has contended that the statements of Doll were protected by § 8(c) of the Act. In considering this contention, we must be mindful of the language of the Supreme Court in N. L.

R. B. v. Gissel Packing Co., 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969):

"Any assessment of the precise scope of employer expression, of course, must be made in the context of its labor relations setting. Thus, an employer's rights cannot outweigh the equal rights of the employees to associate freely, as those rights are embodied in § 7 and protected by § 8(a) (1) and the proviso to § 8(c). And any balancing of those rights must take into account the economic dependence of the employees on their employers, and the necessary tendency of the former, because of that relationship, to pick up intended implications of the latter that might be more readily dismissed by a more disinterested ear." 395 U.S. at 617, 89 S.Ct. at 1942.

*See* N. L. R. B. v. Mink-Dayton, Inc., 416 F.2d 327, 328–329 (6th Cir. 1969), cert. denied, 400 U.S. 829, 91 S.Ct. 58, 27 L.Ed. 2d 59 (1970). Having applied this standard to the statements made by Doll, we do not find them to have been protected statements. Accordingly the petition for enforcement of the Board's order is granted.